NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2557
_____

ROBERT J. BLAKE,
                Appellant

vs.

JACK Q. YOUNG, Chief of Police;
BOROUGH OF CAMBRIDGE SPRINGS, PA;
CRAWFORD COUNTY CORRECTIONAL FACILITY
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 02-cv-00345E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2006

Before:    FISHER, ALDISERT AND WEIS, Circuit Judges.

Filed April 10, 2006
_____

OPINION
_____

PER CURIAM.

       Robert Blake appeals the District Court's order granting appellees' motions for summary judgment. The procedural history of this case and the details of Blake's claims are well-known to the parties, set forth in the District Court's thorough opinions,

and need not be discussed at length. Briefly, Blake filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court for the Western District of Pennsylvania. He alleged that appellee Jack Young, Chief of Police for the Borough of Cambridge Springs, had used excessive force on him while Blake was detained at the Crawford County Correctional Facility (CCCF). The District Court granted appellees' motions for summary judgment. Blake filed a timely notice of appeal.

The District Court had jurisdiction under 28 U.S.C. §1331, and we have jurisdiction under 28 U.S.C. § 1291. The District Court granted summary judgment on the ground that Blake had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Blake argues on appeal that the grievance procedure at the jail lacked the authority to provide relief from the actions of appellees Young and the Borough of Cambridge Springs and, therefore, was not "available" to him.

In Booth v. Churner, 532 U.S. 731, 736 (2001), the Supreme Court addressed the question of "whether or not a remedial scheme is 'available' where . . . the administrative process has authority to take some action in response to a complaint, but not the remedial action an inmate demands to the exclusion of all other forms of redress." The Court concluded that in such situations the inmate must complete the administrative process. Here, Blake only requested monetary damages in his complaint. The grievance process at CCCF does not limit the relief available or exclude awarding monetary

damages in response to a grievance.[1] If Blake had submitted a grievance, the officials at CCCF certainly would have had the authority to investigate the matter, to bring Blake's allegations to the attention of the appropriate officials with authority over Young, or to not allow Young into CCCF in the future. Because CCCF's grievance procedure had the "authority to take some action in response to [Blake's] complaint," the procedure was available to him, and exhaustion of his administrative remedies was required.[2]

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.

---

[1] The grievance policy is described in one sentence in the inmate handbook for CCCF: "If you wish to file an inmate grievance, you must follow the chain of command (housing unit officer, sergeant, lieutenant, deputy warden, warden)." There are no time limits for filing grievances. We note that the appellees raised the exhaustion defense in their answer filed in April 2003. At this point, Blake still had the opportunity to exhaust his administrative remedies and re-file the complaint within the statute of limitations.

[2] Blake also argues that the exhaustion requirement does not apply to allegations of excessive force. However, in Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that it does apply to such cases.